# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**STEVEN W. HARRIS**                                           **PLAINTIFF**

**v.**                                                       **Case No. 3:07-cv-366 WHB-LRA**

**MISSISSIPPI TRANSPORTATION**
**COMMISSION**                                            **DEFENDANT**

_____

## ORDER

This cause is before the Court upon Defendant's First Motion in Limine [#47] regarding the admissibility of the EEOC Letter of Determination. By Order filed July 24, 2008, Judge Barbour assigned this motion to the undersigned. Also before the Court is the EEOC's motion to quash the deposition noticed by Defendant [#33]. A hearing was conducted by the undersigned on November 19, 2008, and argument of counsel was presented. Thereafter, the Court directed the movant to supplement its motion in limine to include the records utilized in its argument. Defendant did so by filing its motion to supplement on October 13, 2008, docket entry number 95, and submitting records presented by it to the EEOC, along with EEOC records regarding its investigation. Defendant requested that these records be included in the record, and Plaintiff has not challenged the authenticity of the records. These records are hereby admitted and were considered by the Court.

The Defendant seeks an order excluding the EEOC Letter of Determination from evidence and instructing the Plaintiff and his attorney(s) and witnesses not to mention, refer to, interrogate concerning, or attempt to convey during this trial the

1

contents of the EEOC letter of determination. Having considered the pleadings regarding the motion, argument of counsel, the supporting exhibits, and the applicable authority, the undersigned concludes that the Motion in Limine is well advised and should be granted.

The Letter of Determination[1] in this case is set forth in part as follows:
. . .
I have determined that the evidence obtained in the investigation established reasonable cause to believe that Charging Party was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended, in that Charging Party was singled out for criticism and discharged from his position in retaliation for opposing an unlawful employment practice. The documentary evidence disclosed that Charging Party did not have a problem with his employment prior to filing a discrimination charge with the Commission against the Respondent.

Evidence disclosed that after Charging party filed his first EEOC charge against the Respondent, a sub-contractor notified the Respondent in an affidavit, dated January 28, 2005, that an employee and a co-worker had solicited kick-backs from him to ensure that the work performed passed inspection. In his affidavit, the sub-contractor cited that the incident occurred while he was performing work on a project from December 2001 and May 2002. The sub-contractor specifically provided the name of the employee who had solicited kick-backs from him to the Respondent but failed to name the co-worker.

The evidence disclosed that the Respondent without an investigation or corroborating evidence and only after Charging Party filed his charge concluded that Charging Party was the co-worker and discharged him from his position. A reasonable trier of the facts would find that Respondent's decision to discharge the Charging Party was more likely than not linked to his protest of a protected activity.

---

[1] The undersigned notes that the "Letter of Determination" is the same as a "Letter of Violation" issued by the EEOC. A "reasonable cause letter" is an internal memo that explains the basis of the letter of determination.

2

> I have determined that the evidence obtained in the investigation established no [*sic*] reasonable cause to believe that Charging Party was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended, in that Charging party was subjected to disciplinary actions and discharged from his position because of his race (black). There was insufficient evidence in the record to show that a similarly situated employee outside Charging Party's protected status would not have been disciplined or discharged.
>
> This determination is final. When the commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. .. . [2]

Exhibit 1 to Defendant's First Motion in Limine, docket entry 47, filed July 10, 2008.

Under Federal Rule of Evidence 803(8)(C), governmental agency investigative reports are removed from the rule against hearsay unless circumstances indicate untrustworthiness.[3] Fed.R.Evid. 803(8). The Court's ruling in this case is not based upon whether or not the Letter of Determination is untrustworthy. Instead, the Court finds that it should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 gives the Court discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of

---

[2] Letter of Determination," dated September 7, 2006, written by Wilma Scott, Area Director of Jackson Area Office, U.S. Equal Employment Opportunity Commission.

[3] Federal Rule of Evidence 803(8) prohibits the admission of public records and reports where "the sources of information or other circumstances indicate a lack of trustworthiness." The Advisory Committee suggested courts utilize the following factors when evaluating the reliability of public records and/or reports under Rule 803(8): (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held and the level at which conducted; and (4) possible motivation problems.

unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In the case of *Johnson v. Mississippi Dept. of Corrections*, 2006 WL 1722286 (S.D. Miss. 2006), District Judge William H. Barbour, Jr., granted Defendant's motion in limine regarding an EEOC Letter of Determination. The court ruled that the probative value of the Letter of Determination was substantially outweighed by the unfair prejudice that would result if it were admitted at trial. *Id.* at *1.

Additionally, the Court finds the issue in the case of *Lucas v. City of Shelby*, 246 F.Supp.2d 516, 520-22 (N.D. Miss. 2002), to be similar to the one now before the Court. In that case, the trial court refused to allow the Letter of Determination to be admitted into evidence, finding that the danger of unfair prejudice, and/or misleading the jury, outweighed the probative value of the Letter of Determination. Concluding that admitting the Letter would have invaded the province of the jury, the court refused to allow it into evidence. *Id.* at 521. The court reasoned that the jury heard all the information that the EEOC had before it, but the EEOC had not heard about the alternative reasons why the female plaintiff was not hired over the male applicant. Because of this, the court held that the letter would have been misleading, and the probative value of the letter was outweighed by the potential prejudice.

In the case now before the court, the exhibits submitted by Defendant confirm that Plaintiff was suspended without pay on four occasions prior to his termination due to obscene or abusive language, insubordination, threatening or coercing

actions, failure to report to work without proper notice, and other charges. Furthermore, Plaintiff was investigated for his role in a kickback scheme involving Hodges Inc. and found to have violated certain regulations regarding state employees. The Letter of Determination references the kick-back scheme but does not mention any of the prior disciplinary actions taken against Plaintiff. All of this evidence may be presented to the jury in other forms, just as in the *Lucas* case. The Plaintiff and his witnesses may testify as to the facts of his claims, and Defendant may put on evidence on its behalf. Defendant may present evidence of Plaintiff's prior employment record, including any evidence of disciplinary actions. Plaintiff may certainly show that he filed his first EEOC complaint prior to the kick-back affidavit being presented. If the letter is admitted, a jury may find it hard, if not impossible, to independently evaluate this evidence after being informed that the EEOC has already reviewed the dispute and determined that "a violation" occurred. As the court in *Lucas* found, admission of the Letter could invade the province of the jury to determine from the evidence whether discrimination was proven. The jury may give undue weight to the EEOC's conclusion, rather than determining afresh from the evidence presented the ultimate issue of discrimination. The Court finds that the conclusory Letter of Determination could confuse or mislead the jury.

Fifth Circuit case law provides additional support for this Court's exclusion of the EEOC's letter of determination. The Fifth Circuit in *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994), affirmed the trial court's exclusion of an EEOC letter of determination. The Fifth Circuit agreed with the Ninth Circuit's

holding in *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986), that a letter of determination, as opposed to a reasonable cause letter, "represents a violation of the Act has occurred and thus results in a much greater possibility of unfair prejudice" and that "[t]he probative value of a letter of violation may not, in every case, outweigh the potential for prejudice." *Manville*, 27 F.3d at 1095 (quoting *Gilchrist*, 803 F.2d at 1500). *See also Guerra v. North East Independent School District*, 496 F.3d 415 (5th Cir. 2007).

IT IS, THEREFORE, ORDERED that the Defendant's First Motion in Limine [#69] and supplemental motion [#95] are GRANTED, and the Letter of Determination shall not be admitted into evidence. The EEOC's Motion to Quash the Subpoena Served on Willie Schaffer [#33] is DENIED as moot, as Defendant announced it would withdraw its request to depose Mr. Schaffer if the motion in limine was granted.

IT IS SO ORDERED, this the 30th day of December, 2008.

S/ Linda R. Anderson
United States Magistrate Judge